TONG SEAE INDUSTRIAL CO., LTD. AND POLYBUBBLE INC., APPELLANTS v. INTERNATIONAL TRADE COMMISSION AND SEALED AIR CORPORATION, APPELLEES

Appeal No. 79-38;

Decided: January 7, 1980

Before MARKEY, *Chief Judge*, RICH, BALDWIN, and MILLER, *Associate Judges*.

MILLER, *Judge*.

Sealed Air Corporation ("Sealed Air") has filed motions to dismiss for lack of jurisdiction and to strike in part in this appeal from a decision of the United States International Trade Commission ("ITC") in Investigation No. 337-TA-54, *In re Certain Multicellular Plastic Film*. The ITC held that U.S. Patent No. 3,416,984 (" 984 patent"), issued December 17, 1968 (on a continuation of an application filed November 19, 1963), and assigned to complainant Sealed Air, was valid and was infringed by Polybubble Inc. ("Polybubble") and other respondents, but was not infringed by respondent Tong Seae Industrial Co., Ltd. ("Tong Seae"). Accordingly, ITC decided that Polybubble and other respondents, but not Tong Seae, were in violation of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. 1337). Sealed Air moves to dismiss the appeal with respect to Tong Seae and moves to strike in part the appeal with respect to Polybubble. For reasons set forth below, the motion is *granted* with respect to Tong Seae and *denied* with respect to Polybubble.

## BACKGROUND

Sealed Air filed a complaint with ITC pursuant to 19 U.S.C. 1337 alleging, *inter alia*, that unfair methods of competition and unfair acts existed in the importation into the United States, or in the subsequent sale, of multicellular plastic film swimming pool covers whose

---

[17] Appellant's motion to extend the time for filing the transcript is therefore moot.

method of manufacture infringes claims 1 and 2 of the '984 patent; that the effect or tendency of such importation was to destroy or substantially injure an industry, efficiently and economically operated, in the United States. An investigation was instituted naming two importers, Polybubble and Peter Darlington, and three foreign manufacturers and/or exporters, Tong Sea, Conform Plastics Ltd., and Unipak (H.K.) Ltd., as respondents. The case was referred to an Administrative Law Judge ("ALJ") for an evidentiary hearing.

The ALJ issued a recommendation that ITC determine that there is no violation of section 337 because the methods used to manufacture such film abroad, if practiced in the United States, would not infringe any valid United States patent. The ALJ further reccommended that claims 1 and 2 of the '984 patent be held invalid under 35 U.S.C. 102(b) because the subject matter was described in a printed publication (British Patent No. 908,579, published October 17, 1962) more than one year prior to the date on which the application that eventually matured into the '984 patent was filed. The ALJ also recommended that, assuming the '984 patent were valid, ITC determine that (1) The process used by Tong Seae to manufacture the film abroad would not, if practiced in the United States, infringe claims 1 and 2 of the '984 patent; (2) The process used by Conform and Unipak to manufacture the film abroad would, if practiced in the United States, infringe claims 1 and 2 of the '984 patent; and (3) The sale in the United States by Polybubble and Peter Darlington of film manufactured abroad by Conform and Unipak has the tendency to injure substantially an industry, efficiently and exonomically operated, in the United States.

The ITC disagreed with the ALJ to the extent that it determined that claims 1 and 2 of the '984 patent were not invalidated under 35 U.S.C. 102(b) by reason of the British patent. It otherwise agreed with the recommendations of the ALJ and decided that all the respondents, except Tong Seae, were in violation of section 337.

Sealed Air has also filed an appeal to this court[1] which alleges that ITC erred in finding:

1. That, with respect to Tong Seae Industrial Co., Ltd., there is no violation of section 337 of the Tariff Act of 1930, as amended.

2. That the process used by repondent Tong Seae to manufacture multicellular plastic film abroad would not, if practiced in the United States, infringe claims 1 and 2 of U.S. Patent No. 3,416,984.

---

[1] *Sealed Air Corp.* v. *International Trade Commission*, Appeal No. 79-35.

In the instant appeal,[2] Tong Seae and Polybubble allege that ITC erred in finding:

1. That U.S. Patent 3,416,984 is not invalid in view of 35 U.S.C. § 102, 103, and the teachings, taken singly or in combination of U.S. Patents 3,142,599; 3,208,898; and of British Patent 908,579; and Australian Patent 160,551.

2. That the process practiced by the complainant, Sealed Air Corporation, falls within the scope of claims 1 or 2 of U.S. Patent 3,416,984 and, accordingly, that it would be an act of unfair competition to employ the process of claims 1 or 2 outside of the United States to manufacture material for sale in the United States.

3. That U.S. Patent 3,416,984 is not invalid in view of its failure to describe the invention in, "such full, clear, concise and exact terms, as to enable any person skilled in the art to which it pertains . . . to make and use the same" as required by Title 35 § 112 of the United States Code.

In its motions to dismiss and to strike in part, Sealed Air asks this court for an order:

(1) Dismissing the instant appeal with respect to appellant Tong Seae; and

(2) Striking the appeal with respect to Polybubble except to the extent that it shall be limited to:

"Review of the finding by the United States International Trade Commission that U.S. Patent No. 3,416,984 is valid under 35 U.S.C. 102 in view of British Patent 908,579."

Sealed Air argues that, because ITC found that Tong Seae did *not* violate section 337, Tong Seae is not a "person adversely affected by a final determination of the Commission" and has no right to appeal under 19 USC 1337 (c).[3] Tong Seae argues that because it could be adversely affected by a decision of this court in Appeal No. 79–35 (*Sealed Air Corp.* v. *International Trade Commission*) reversing the holding that Tong Seae does not infringe, it has a right to bring the present appeal.

Regarding allegations 1 and 3 of Tong Seae and Polybubble in the instant appeal, Sealed Air argues that, because the ALJ made a finding of invalidity based solely on 35 U.S.C. 102 and Polybubble did not file any exceptions under 19 CFR 210.54[4] to the ALJ's failure to address the issues of invalidity under 35 U.S.C. 103 or.

---

[2] An appeal to this court has also been filed by Unipak (H.K.) Ltd., Appeal No. 80–4, *Unipak (H.K) Ltd.* v. *International Trade Commission.*

[3] 19 USC 1337 (c) provides, in pertinent part:

Any person adversely affected by a final decision of the Commission * * * may appeal such determination to the United States Court of Customs and Patent Appeals.

[4] 19 CFR 210.54 provides as follows:

§ 210.54 FILING OF EXCEPTIONS TO THE RECOMMENDED DETERMINATION AND ALTERNATIVE FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Except as otherwise authorized by the presiding officer, the parties shall be allowed ten (10) days from the date of service of the recommended determination to file exceptions to the recommended determination and alternative findings of fact and conclusions of law with the Commission. All exceptions and alternative findings of fact and conclusions of law shall be concisely supported by references to the record and the law relied upon.

112, Polybubble in effect waived its opportunity to question patent validity on any ground other than section 102 before ITC or this court; that such issues were not properly before ITC; and that this court is without jurisdiction to consider them. Both Sealed Air and ITC argue that the provisions of 19 CFR 210.54 are mandatory in nature.

Polybubble responds by pointing out that it raised said issues throughout the entire proceedings, other than specifically filing an exception to the ALJ's determination thereon. The cases cited by Sealed Air, Polybubble contends, are not relevant because they were all based on facts in which the issues were brought up for the first time on appeal. Polybubble argues that because both the section 103 and 112 issues had been before the Commission from its answer to Sealed Air's complaint through the final argument, such issues are not being raised for the first time on appeal.

Regarding allegation 2 of Tong Seae and Polybubble, Sealed Air argues as follows:

> Even assuming for the sake of argument that the process practiced by Complainant Sealed Air did not fall within the scope of Claims 1 and 2 of the '984 patent, such a finding would not alter the conclusions of the ITC inasmuch as they found that the domestic industry included the domestic facilities of Complainant's licensee, Astro Packaging, Inc., devoted to the manufacture of multicellular plastic film using the process of the '984 patent. Therefore, whether the Complainant also practices the process is a moot question and, even if erroneous, would constitute harmless error having no effect upon the ultimate decision that there was a domestic industry efficiently and economically operated in the United States.

Sealed Air urges that, because this court will not reverse a technical error that would not have affected the result of the case, it should dismiss the appeal on this point for "want of jurisdiction."

Polybubble responds by pointing out that whether Sealed Air practices the patented process is a proper consideration in determining whether Polybubble is competing unfairly with Sealed Air, and that infringement by Polybubble is not the sole issue involved.

### OPINION

Sealed Air correctly points out that 19 USC 1337 (c) permits a person "adversely affected" by an ITC determination to appeal to

this court. Tong Seae is not such a person because ITC decided in its favor. A mere holding of patent validity by ITC cannot be said to adversely affect Tong Seae because the patent already had a presumption of validity under 35 U.S.C. 282, and ITC's determination merely confirmed this presumption. Tong Seae, understandably, wishes an opportunity to address the issue of validity of the '984 patent because Sealed Air has appealed ITC's finding of no infringement. However, it can join as an appellee in Appeal No. 79–35, where it will have a full opportunity to present to this court its arguments on validity. Therefore, Sealed Air's motion to dismiss the appeal with respect to Tong Seae is granted.

Sealed Air is correct in its statement that this court should dismiss, for lack of jurisdiction, issues presented on appeal that were never raised below. *Mitchell* v. *Hennian*, 31 CCPA 1129, 143 F. 2d 623, 62 USPQ 81 (1944); *In re Nygard*, 52 CCPA 1032, 341 F. 2d 924, 144 USPQ 586 (1965); *Triggiana* v. *Gens*, 482 F. 2d 1381, 179 USPQ 236 (CCPA 1973). However, it cannot properly be maintained that the section 103 or 112 issues are being raised for the first time on this appeal. Polybubble[5] clearly raised the section 103 issue in its answer to the complaint, its trial memorandum before the ALJ, its brief after the ALJ hearing, its oral argument before ITC, and its brief subsequently filed before ITC. The section 112 issue was clearly raised by Polybubble in its answer to the complaint, its trial memorandum before the ALJ, its oral argument before the ALJ, and its oral argument before ITC. It is clear that ITC was aware of Polybubble's assertion of invalidity of the '984 patent under 35 USC 103 and 112. This is entirely different from the situation in the above cited cases in which this court declined to consider an issue never mentioned until appeal. We do not agree with the argument that 19 CFR 210.54 is the sole determinant of what issues are to be considered raised below. All the circumstances of the case must be considered. Furthermore, an appeal cannot be limited to issues *discussed* by the ALJ or by ITC, for an appellant may well be contesting the *failure* to act on an issue properly presented. Here the ALJ failed to act on the 35 USC 103 and 112 issues and, as related above, premised the holding of invalidity solely on 35 U.S.C. 102. Therefore, Sealed Air's motion to strike the section 103 and 112 issues is denied.

Regarding Polybubble's allegation 2, Sealed Air does not question that the issue was properly raised below, but asserts that any error made by ITC was harmless. In effect, it invites the court to dispose of the issue defore full briefing and argument by the parties, an action

---

[5] Although Polybubble and Tong Seae were represented by the same counsel before ITC and filed joint briefs, we will refer to Polybubble in the remainder of this order because Tong Seae's appeal is dismissed.

which the court, in the interests of the proper administration of justice, declines to take. Sealed Air's motion to strike this issue is denied.

Because this appeal and Nos. 79–35 and 80–4 are from the same ITC determination, all parties are ordered to designate portions of the certified record which will be printed in the form of a consolidated transcript. The time for filing the transcript is extended to 60 days from the date of this order. In the absence of an agreement among the parties on the contents of the transcript, appellants shall file designations within 10 days from this order, and appellees within 10 days from appellants' filing. The court will apportion the costs of printing the consolidated transcript under Rule 5.6(c) in absence of an agreement among the parties.