**BELOIT CORPORATION,**
**Complainant-Appellant,**

v.

**VALMET OY, TVW Paper Machines,**
**Inc., United States International**
**Trade Commission, Appellees.**

**Appeal No. 84–1296.**

United States Court of Appeals,
Federal Circuit.

Aug. 31, 1984.

William C. Streeber and Steven H. Noll, Chicago, Ill., Victor M. Wigman and Ralph Elsas-Patrick, Arlington, Va., for complainant-appellant.

Myron Cohen, New York City, for appellee.

Thomas C. Pontani, Lawrence G. Kurkland and Martin Pavane, New York City, of counsel.

Phyllis N. Smithey, Washington, D.C., for Intern. Trade Com'n.

Michael H. Stein and Michael P. Mabile, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and FRIEDMAN and RICH, Circuit Judges.

## ORDER

Beloit filed this appeal "solely on the issue of non-infringement". On 21 June 1984, in an unpublished order, this court denied Valmet's motion to dismiss the appeal. Beloit and the International Trade Commission (Commission) have moved under this court's Rule 18(a) for publication of the order so that it may have precedential value. The latter motion is granted and the order is, with modification, herewith issued for publication.

## BACKGROUND

Valmet moved for dismissal because Beloit appealed "solely on the issue of non-infringement". Valmet says Beloit should file a new notice of appeal on the issue of "no violation", thereby enabling Valmet to argue error in what it calls the "Commission's findings" that the patent in issue was not anticipated under 35 U.S.C. § 102, that the invention would not have been obvious under 35 U.S.C. § 103, and that Valmet's activities tend to injure a domestic industry.

In arguing that the Commission could only adopt the Presiding Officer's determination in its entirety, Valmet quotes one of the two sentences in the Commission's "Notice of Commission Decision Not to Review Initial Determination". In those sentences the Commission said it "determined not to review" the Presiding Officer's Initial Determination. Valmet cites the Commission's Rule 210.53(h):

[h] *Effect.* An initial determination should become the determination of the Commission thirty (30) days after the service thereof, unless the Commission, within thirty (30) days after the date of filing of the initial determination, shall have ordered review of the initial determination or certain issues therein pursuant to § 210.54(b) or § 210.55, or by order shall have changed the effective date of the initial determination.

Valmet says the rule makes the Presiding Officer's Initial Determination that of the Commission. Presumably on that premise, Valmet felt comfortable in referring to the Presiding Officer's findings on §§ 102, 103, and injury as "findings of the Commission". On that premise also, Valmet bases its assertion that Beloit must appeal the basic conclusion of "no violation" and must not be permitted to limit the appeal to the infringement issue.

## DISCUSSION

Valmet's difficulty is three-fold: (1) the Commission's Notice is equivocal; (2) the rule does not say what Valmet wishes it said, and (3) regardless of how an appeal is labeled, neither Beloit nor any other appellant may appeal issues on which it prevailed before the trial tribunal.

(1)

In addition to the statement that it had determined *not* to review the Initial Determination, the Commission's Notice contained this statement:

The Commission has adopted that portion of the presiding officer's ID relating to the noninfringement of U.S. Letters Patent 3,726,758. The Commission has taken no position on the other issues discussed in the ID, since the findings and conclusions of the presiding officer regarding noninfringement are dispositive of the question of whether there is a violation of section 337.

Whatever had been meant by the "not to review" statement, it can hardly be said that the Commission made "findings" on issues upon which it specifically stated it had "taken no position". Nor is it appropriate to assume that the Commission has adopted all findings of its presiding officer when it specified that it had adopted "that portion" of the Initial Determination relating to non-infringement.

(2)

The Commission's Rule 210.53(h) *supra*, says that the Initial Determination becomes that of the Commission unless it has ordered review of "certain issues" in

that determination. Whether it "ordered" review of the non-infringement issue here is unclear but irrelevant. It clearly did review and decided to adopt that portion of the Initial Determination dealing with that certain issue.

Moreover, the Commission is not incapable of announcing its adoption of an entire Initial Determination when it so intends. *See, Certain Amino Acid Formulations; Commission Decision Not to Review Initial Determination,* 48 *Federal Register* 31306 (July 7, 1983). If Valmet's view of the rule were correct, no need for such announcement would exist.

(3)

▮ Most importantly, this court does not sit to review what the Commission has not decided. Nor will it review determinations of presiding officers on which the Commission has not elected to provide the court with its views. The court has not been constituted a "Surrogate Commission" to review portions of a presiding officer's determination on which the Commission has "taken no position".

▮ The Commission, on the other hand, is at perfect liberty to reach a "no violation" determination on a single dispositive issue. That approach may often save the Commission, the parties, and this court substantial unnecessary effort. Like many good things, that approach carries with it a risk—here the risk of a reversal, and a consequent need for the Commission to revisit one or more portions of the initial determination on which it had taken no position.

The Commission should not be precluded from taking that risk, however, and, where the conclusion reached on one dispositive issue appears to it inevitable and unassailable, the risk would appear reduced to an acceptable level. Unlike the risk that parties, witnesses, and exhibits may have to return for a renewed trial (*e.g.,* when a district court chooses in a patent case to decide only the validity or only the infringement issue), the risk of reversal here entails only the Commission's review of remaining portions of the Initial Determination.

The Commission's judicious use of a single dispositive issue approach in issuing final negative § 337 determinations can not only save the parties, the Commission, and this court unnecessary cost and effort, it can greatly ease the burden on a Commission commonly faced with a § 337 proceeding involving numerous complex issues and required by statute to reach its conclusion within rigid time limits.

In *Coleco Industries, Inc. v. United States International Trade Commission,* 573 F.2d 1247, 1252, 65 CCPA 105, 197 USPQ 472, 476 (1978), one of our predecessor courts stated in footnote 5:

> Because the Commission made no decision on the validity issue, it is not before us. To obviate a remand on validity, in the event of a reversal of a finding of non-infringement, it would be advisable for the Commission to render a decision on all appealable issues presented to it.

In that footnote, the court again affirmed the basic rule that issues not decided by the Commission cannot be presented to the court. Though the court indicated that remand was avoidable by a decision on all issues, it imposed no requirement that the commission seek to avoid the risk of remand. In light of the Commission's expertise and the time constraints under which it must function, imposition of a requirement that it decide all issues in every § 337 proceeding would be intolerable.

It is important, also, that the parties to appeals in this court limit the issues to those decided by the Commission. Uncertainty regarding issues to be reviewed renders uncertain the content of briefs and appendices and can result in the inclusion of unnecessary material in appendices with accompanying wasteful expense. It can also result in delay of the appeal while the court is required to resolve motions to strike and, as here, motions to dismiss.

An appellee is at liberty to support an appealed judgment by any argument supported in the record, and to cross-appeal if adversely affected by the appealed judgment in some particular which it seeks to have modified. An appellee is not at liberty, however, to argue before this court an issue not decided by the trial tribunal.

In the present case, Beloit appealed "solely on the issue of non-infringement" because that was all of the Presiding Officer's determination the Commission said it was deciding and because Beloit was adversely affected only by the Commission's adoption of that determination portion. Beloit won its case before the Presiding Officer on the other three issues and, no matter how it labeled the appeal, it could not have appealed those issues if the Commission had adopted the entire determination. Similarly, Valmet won on the basic and dispositive "no violation" decision and has no basis whatever for appeal. Though Valmet lost on the validity and injury issues before the presiding officer, the Commission took no position on them and they are therefore not available to Valmet as a basis for appeal or cross-appeal.

Valmet obviously desires to argue before us the validity and injury issues as insurance against the possibility of our reversing the "no-infringement" finding adopted by the Commission. That desire, and the back-door appeal it would create, are premature. If this court affirms on "no-infringement", the litigation ends (absent grant of certiorari) favorably to Valmet. If this court reverses on that issue, and if on remand the Commission adopts the portions of the Initial Determination relating to the validity and injury issues, Valmet may appeal that decision to this court at that time.

## ORDER

The motion to dismiss the appeal is accordingly denied.

* The Merit Systems Protection Board, not the Department of the Navy, is the proper respondent. *See* 5 U.S.C. § 7703(a)(2); *Hopkins v.*