**WARNER BROTHERS, INC., Appellant,**

v.

**U.S. INTERNATIONAL TRADE COMMISSION, Appellee.**

**Appeal No. 85–2107.**

United States Court of Appeals,
Federal Circuit.

March 20, 1986.

---

J. Joseph Bainton, New York City, argued, for appellant. With him on brief were Steven H. Reisberg and Joseph J. Iarocci, Reboul, MacMurray, Hewitt, Maynard & Kristol, of counsel.

William E. Perry, Office of the Gen. Counsel, Washington, D.C., argued, for appellee. With him on brief were Lyn M. Schlitt, Gen. Counsel and Michael P. Mabile, Asst. Gen. Counsel.

Richard M. Cooper and Mary G. Clark, Williams & Connolly, Washington, D.C., were on brief for amicus curiae, Motion Picture Ass'n of America, Inc.

Before MARKEY, Chief Judge, SMITH and NIES, Circuit Judges.

NIES, Circuit Judge.

Warner Brothers, Inc. appeals from the final decision of the International Trade Commission (ITC) in investigation No. 337–TA–201, which declined to grant Warner's request for a temporary exclusion order (TEO) because Warner failed to prove that the domestic industry would suffer immediate and substantial harm in the absence of such relief. Because the ITC applied the correct legal standard, and its finding of no immediate and substantial harm is supported by substantial evidence, the decision of the ITC is affirmed.*

### OPINION

■■■■ As a threshold matter in this appeal, the ITC argues that Warner has waived its right to challenge the immediate and substantial harm standard because it failed to file a petition for review of the ALJ's initial decision by the Commission. We do not agree. The government's argument on waiver hopelessly confuses the precedent dealing with requirements that a private litigant must first exhaust administrative remedies with the Commission's *sua sponte* right to restrict the disposition of a case to a single dispositive issue.

* This appeal was originally decided in an unpublished opinion released January 10, 1986, and has now been reissued in published form.

With respect to the latter, this court held in *Beloit Corp. v. Valmet Oy,* 742 F.2d 1421, 1423, 223 USPQ 193, 194 (Fed.Cir. 1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2706, 86 L.Ed.2d 721 (1985):

> The Commission, on the other hand, is at perfect liberty to reach a "no violation" determination on a single dispositive issue. That approach may often save the Commission, the parties, and this court substantial unnecessary effort. Like many good things, that approach carries with it a risk—here the risk of a reversal, and a consequent need for the Commission to revisit one or more portions of the initial determination on which it had taken no position.

Whether or not a petition for review is filed, the ITC may limit resolution of a case to a single dispositive issue. It may not, however, parse that issue so finely that meaningful judicial review is precluded. In this case, the ITC in its notice of "nonreview" of the initial decision (ID) specifically adopted "that portion of the administrative law judge's ID finding that there is no immediate and substantial harm to the domestic industry." Although the ITC's statement appears to be directed to the factual finding of no immediate and substantial harm, it would make no sense for the ITC to treat that finding as dispositive were it not in agreement with the legal standard. Thus, a challenge to the legal propriety of the standard as well as to the factual satisfaction of that standard may be raised at this time.

With respect to a party's *waiver* of an issue, the precedent cited by the government has no applicability here. *Tong Seae Industries Co., Ltd. v. USITC,* 67 C.C.P.A. 160, 164 (1980) repeated the hornbook rule that a party may not raise issues on appeal "that were *never* raised below." *Astra-Sjuco A.B. v. USITC,* 629 F.2d 682, 67 C.C.P.A. 128 (1980) was decided under the prior rules where the ALJ decision did not automatically become the decision of the Commission.

■ As we read the current regulations, 19 C.F.R. § 210.55(a)(2), if a party does file a petition for review of the ID, any issue not raised therein "will be deemed to have been abandoned." That rule obviously applies where a party files such a petition. However, there is no requirement that a party file a petition for review or risk waiver of all adversely decided issues. On the contrary, as indicated in *Beloit, supra* at 1424, where Valmet filed no petition:

> Valmet obviously desires to argue before us the validity and injury issues as insurance against the possibility of our reversing the "no-infringement" finding adopted by the Commission. That desire, and the back-door appeal it would create, are premature. If this court affirms on "no-infringement", the litigation ends (absent grant of certiorari) favorably to Valmet. If this court reverses on that issue, and if on remand the Commission adopts the portions of the Initial Determination relating to the validity and injury issues, Valmet may appeal that decision to this court at that time.

*Beloit* clearly did not sanction a rule that a party waives appeal rights by failure to file a petition for review. Where the Commission limits the issues, *sua sponte,* a reversal on those issues will result in a remand. *Id.*

■ Regarding Warner's challenges to the ALJ's refusal to invoke a presumption of irreparable injury in copyright cases, this court has already spoken:

> [S]ection 337 does not function merely as the international extension of our patent, trademark and copyright laws.... Instead, section 337 has consistently been interpreted to contain a distinct injury requirement of independent proof.

*Textron, Inc. v. U.S. International Trade Commission,* 753 F.2d 1019, 1028, 224 USPQ 625, 631 (Fed.Cir.1985) (citation omitted). This is particularly important where, as here, temporary relief is sought. The ALJ properly declined to adopt a relaxed proof requirement as might exist when seeking injunctive relief under the copyright statute. The two statutes protect different rights, and similarity of two statutory schemes in one respect does not war-

rant eradication of purposefully designed differences in another. Finally, the Commission's finding of no immediate and substantial harm to Warner is reasonable on the evidentiary record. Thus, we hold that the finding is supported by substantial evidence. *See SSIH Equipment S.A. v. USITC,* 718 F.2d 365, 381–83, 218 USPQ 678, 692–93 (Fed.Cir.1983) (Nies, J., supplemental opinion).

For the foregoing reasons, the ITC's refusal to issue a temporary exclusion order is affirmed.

AFFIRMED.