**ROSEMOUNT, INC., Appellant,**

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,**

and

**Smar Equipment and Smar International Corporation, Intervenors–Appellees.**

**No. 90–1263.**

United States Court of Appeals, Federal Circuit.

Aug. 2, 1990.

John F. Flannery, Fitch, Even, Tabin & Flannery, Chicago, Ill., argued for appellant. With him on the brief was R.S. Pinkstaff. Also on the brief were Paul Plaia, Jr. and Cecilia H. Gonzalez, Howrey & Simon, Washington, D.C.

Jean H. Jackson, Office of the General Counsel, U.S. Intern. Trade Com'n, of Washington, D.C., argued for appellee. With her on the brief were Lyn M. Schlitt, General Counsel and Wayne W. Herrington, Acting Asst. Gen. Counsel and James A. Toupin.

Larry Klayman, Klayman & Associates, P.C., Washington, D.C., argued for intervenors-appellees. With him on the brief was Jeffrey A. Orr.

Before NIES, Chief Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.

NIES, Chief Judge.

I

Rosemount, Inc., appeals from the United States International Trade Commission's order, *In the Matter of Certain Pressure Transmitters*, Inv. No. 337–TA–304 (March 19, 1990), denying Rosemount's motion for temporary relief in a proceeding under section 337 of the Tariff Act of 1930 (codified as amended at 19 U.S.C. § 1337). Rosemount is seeking relief during the pendency of the investigation (termed "temporary relief" in ITC practice) into its complaint alleging infringement of claims 1–4 of its U.S. Patent No. 3,800,413 ('413 patent). The alleged violation involves the importation of certain pressure transmitters by SMAR Equipment and SMAR International Corporation which were produced abroad by means of a process allegedly covered by the aforementioned claims of the '413 patent. Although the administrative law judge concluded that temporary relief was warranted in view of Rosemount's strong showing of likelihood of success on the merits of its charge of infringement and the public policy in favor of protecting patent rights, the Commission did not agree. The Commission held that the presumption of irreparable harm to which Rosemount was entitled was rebuttable by the evidence SMAR presented of actual market conditions and other factors and was, in fact, rebutted here. Upon balancing the respective harm to the parties as shown by the evidence if temporary relief were granted, the Commission concluded temporary relief should be denied. We affirm.

II

The authority of the ITC to grant temporary relief in a section 337 proceeding is set forth in 19 U.S.C. § 1337(e) (1988), which provides in pertinent part:

(1) If, during the period of an investigation under this section, the Commission determines that there is reason to believe that there is a violation of this section, it may direct that the articles concerned, imported by any person with respect to whom there is reason to believe that such person is violating this section, be excluded from entry into the United States, unless, after considering the effect of such exclusion upon the public health and welfare, competitive conditions in the United States economy, the production of

like or directly competitive articles in the United States and United States consumers, it finds that such article should not be excluded from entry....

\* \* \* \* \* \*

(3) The Commission may grant preliminary relief under this subsection or subsection (f) of this section to the same extent as preliminary injunctions and temporary restraining orders may be granted under the Federal Rules of Civil Procedure.

■ To grant the equitable relief of an injunction prior to trial, a district court traditionally considers and balances the factors of: (1) the movant's likelihood of success on the merits; (2) whether or not the movant will suffer irreparable injury during the pendency of the litigation if the preliminary injunction is not granted; (3) whether or not that injury outweighs the harm to other parties if the preliminary injunction is issued; and (4) whether the grant or denial of the preliminary injunction is in the public interest. *Illinois Tool Works, Inc. v. Grip–Pak, Inc.*, 906 F.2d 679, 681 (Fed.Cir.1990); 7 J. Moore, J. Lucas & K. Sinclair, *Moore's Federal Practice* ¶ 65.04[1] (2nd Ed.1990). In this case, the ITC brought its practice into line with the standard of the district courts to the extent it had previously varied therefrom. *Cf. Warner Bros., Inc. v. United States Int'l Trade Comm'n*, 787 F.2d 562, 229 USPQ 126, 4 Fed. Cir. (T) 59 (Fed.Cir.1986). We agree with the ITC that the statute now requires that the exercise of its temporary relief authority should generally parallel that of the district courts.[1] On appellate review, we must determine whether in granting or denying temporary relief the Commission abused its discretion. *Illinois Tool Works, Inc. v. Grip–Pak, Inc.*, 906 F.2d at 681–82. Under that standard, we may set aside the decision under review if it rests on the foundation of an erroneous understanding of the law or on clearly erroneous findings of fact. If no material legal

or factual error is discerned, we may set aside a decision committed to the discretion of the reviewed tribunal only if it committed a clear error of judgment, that is, its decision, based on the facts, is patently unreasonable, arbitrary, or fanciful. *See PPG Indus. v. Celanese Polymer Specialties*, 840 F.2d 1565, 6 USPQ2d 1010 (Fed. Cir.1988), *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022, 228 USPQ 926, 930 (Fed.Cir.1986).

### III

■ The principal issue raised by Rosemount on appeal is that the Commission committed an error of law in determining that the presumption of irreparable harm, which was afforded to Rosemount by its strong showing of success on the merits (*see Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581, 219 USPQ 686, 692 (Fed.Cir.1983)), was rebuttable by evidence of what *actual* damage was likely. Here, the Commission found that the presumption of irreparable harm had been rebutted by evidence of Rosemount's delay in bringing this action, its grant of two licenses, its large market share as compared to the minuscule share of SMAR, the presence of twelve major noninfringing competitors in the U.S. market, and the availability of a damage remedy in district court. The Commission further found that Rosemount's U.S. market share had experienced a growth rate in sales for the two previous fiscal years and was expected to increase its share over the next four to five years, whereas SMAR's very small U.S. market share was unlikely to increase during the pendency of this investigation. It further rejected Rosemount's argument that a presumption of irreparable harm could be overcome only by evidence that the accused infringer had stopped importation.

With respect to the factor of harm to the movant, this court has recognized that, in appropriate circumstances, a presumption

---

**1.** We also agree with the government that the elimination of the requirement of "substantial injury" to establish a *violation* of section 337 by the 1988 amendments to the Trade Act does not affect the standard for the grant of *temporary* relief during the section 337 investigation. *See* 19 U.S.C. § 1337(e)(3).

of irreparable harm may be afforded a patent owner where that party has made a strong preliminary showing of patent validity and continued infringement in connection with its request for relief *pendente lite*. *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d at 1581, 219 USPQ at 692. However, like any other presumption of fact,[2] a *presumption* of irreparable harm to a patent owner does not override the evidence of record. *See Maggio v. Zeitz*, 333 U.S. 56, 66, 68 S.Ct. 401, 406–07, 92 L.Ed. 476 (1947) ("a 'presumption of fact,' is, however, nothing more than a process of reasoning from one fact to another, an argument which infers a fact otherwise doubtful from a fact which is proved.... [R]ules of evidence as to inferences from facts are to aid reason, not to override it"); *Illinois Tool Works, Inc. v. Grip–Pak, Inc.*, 906 F.2d at 681–82 ("presumption of irreparable harm is, like all presumptions, rebuttable"); *Panduit Corp. v. All States Plastics Mfg. Co.*, 744 F.2d 1564, 1579 223 USPQ 465, 475 (Fed. Cir.1984) ("A presumption does not enjoy the status of evidence. If a finding on the evidence is made that a presumed fact has been effectively rebutted, the presumed fact ceases to exist.").

Rosemount argues that the ITC improperly considered the evidence SMAR offered of actual damage because the presumption of irreparable harm can be overcome only by evidence of cessation of importation of the accused products. That argument is clearly untenable. Rosemount seems to be saying that an accused party could defeat the presumption which arises only where there is continuing infringement in instances where the presumption would not arise. We reject this "Heads–I–Win, Tails–You–Lose" argument.

Thus, we conclude that the ITC properly took into consideration all of the evidence relating to Rosemount's actual harm when it determined "that any harm complainant may experience during the remaining period of investigation by reason of respondent's imports would not be irreparable harm" (*In the Matter of Certain Pressure Transmitters*, Inv. No. 337–TA–304, at 37), and that that finding is supported by substantial evidence. Further, we do not find any error in the Commission's evaluation that the balance of actual harm in this case "tips in favor of [SMAR].".

## IV

◼ We also agree with the Commission's rejection of the view that the public interest inevitably lies on the side of the patent owner because of the public interest in protecting patent rights, although that is one factor to consider and may be a dominant factor. The power to grant exclusionary relief is given because of that public interest, but other public interest factors are delineated in the above-quoted section 1337(e)(1) and must be taken into account. In this case, the Commission found that there was no public interest factor except the protection of Rosemount's patent, and it took that factor into consideration in its ultimate decision.

Finally, we find it unnecessary to address SMAR's challenge to the Commission's determination of Rosemount's strong likelihood of success in proving patent validity and infringement. SMAR argues that we overturn or at least vacate this part of the Commission's decision. It is unnecessary to do so inasmuch as we agree with the denial of temporary relief on the bases that Rosemount failed to establish irreparable harm and that the balance of harm tilts in favor of SMAR. *See Roper Corp. v. Litton Systems, Inc.*, 757 F.2d at 1271, 225 USPQ at 348 (court need not decide the infringement issues where patentee failed to meet other criterion). Moreover, the Commission expressly rejected SMAR's argument that the Commission will consider the preliminary findings on the merits as law of the case at a later stage of proceedings unless vacated or reversed by this court. *Cf., University of Texas v. Camenisch*, 451 U.S. 390, 395, 101

---

**2.** In *Roper Corp. v. Litton Systems Inc.*, 757 F.2d 1266, 1272, 225 USPQ 345, 349 (Fed.Cir.1985) the presumption is termed a "legal presumption." We understand this to mean only that the presumption is judge-made and in that sense "legal." The presumption itself relates to the *fact* of injury. *See Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir.1987).

S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981) (findings and conclusions on a preliminary injunction are not binding at trial on the merits).

## V

In sum, the Commission's determination to deny temporary relief on balance of the four pertinent factors was not an abuse of discretion. The decision is based on a correct interpretation of the law, on findings supported by substantial evidence, and is reasonable on the facts of this case.

AFFIRMED.