**Arthur E. SEALS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1697.**

United States Court of Veterans Appeals.

Feb. 11, 1992.

Before FARLEY, HOLDAWAY and IVERS, Associate Judges.

### ORDER

PER CURIAM.

This matter is before the Court on the Secretary of Veterans Affairs' (Secretary) motion to dismiss the appeal and to stay the proceedings.

The Board of Veterans' Appeals (BVA) mailed its decision to appellant on May 14, 1991. On September 10, 1991, the Court received from appellant a Notice of Appeal (NOA) transmitted by facsimile. The Clerk did not mark the NOA as filed.

On October 2, 1991, the Court received the confirmatory written NOA from appellant, and the Clerk's office stamped the NOA as filed on that date.

On November 13, 1991, the Secretary filed a motion for leave to file a motion for an extension of time to designate the record on appeal out of time. On November 15, 1991, the Secretary filed a motion for extension of time to file the designation of the record. Both motions were granted. On December 6, 1991, the Secretary filed a motion to dismiss the appeal and to stay proceedings.

The Secretary argues in his motion that appellant's NOA was untimely because although it was transmitted by facsimile on September 10, 1991, a confirmatory written NOA was not received by the Court until

October 2, 1991, a time longer than specified in U.S.Vet.App.R. 3(a) which requires a confirmatory written NOA to be received by the Court within "10 days after the time fixed for facsimile filing."

On December 19, 1991, appellant filed a response to the Secretary's motion to dismiss. Counsel for appellant asserts two bases for why the Court should accept his NOA as timely. His first argument is that the Secretary has waived his right to object by his previous filing of motions concerning extensions of time to file a designation of the record. His second argument is that the ten day requirement to file a confirmatory written NOA is directive in nature and not jurisdictional. Counsel for appellant stated that the reason he did not file a confirmatory written NOA sooner was because he needed appellant to make an affidavit for an *in forma pauperis* motion and was unable to contact appellant to do this until September 27, 1991.

■ Appellant's first argument is without merit. The Court's jurisdiction cannot be waived. This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and this Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Skinner v. Derwinski*, 1 Vet.App. 2 (1990).

■ Concerning appellant's second argument, U.S.Vet.App.R. 3(a) states:

An appeal will be taken by filing a Notice of Appeal with the Clerk within the time allowed by Rule 4. A Notice of Appeal *may be filed* by facsimile or other printed electronic transmission.... If a facsimile filing is made, a confirmatory written Notice of Appeal must be received by the Court within 10 days after the time fixed for facsimile filing. Failure of an appellant to take any step under these rules other than the timely filing of a Notice of Appeal *does not* affect the validity of the appeal, but is grounds for such action as the Court deems appropriate, which *may* include dismissal of the appeal.

(Emphasis added). It is the practice of the Court to deem a facsimile NOA as filed when received. Although it is true that the Court may dismiss the appeal if the confirmatory written NOA is not filed within 10 days after the facsimile filing, it is not required to do so.

On consideration of the forgoing, it is

ORDERED that the Clerk will note appellant's NOA as filed, *nunc pro tunc,* on September 10, 1991, the date the Court received the facsimile. It is further

ORDERED that the Secretary's motion to dismiss the appeal is denied and that the Secretary is directed to file the designation of record not later than 21 days after the date of this order.