79 F.3d 1163
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TANABE SEIYAKU CO., LTD. and Marion Merrell Dow, Inc., Appellants,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Orion Corporation Fermion, Copley Pharmaceuticals, Inc.,
Interchem Corporation, and Rhone-Poulenc Rorer,
Inc., Intervenors.
ORION CORPORATION FERMION, COPLEY PHARMACEUTICALS, INC.,
Interchem Corporation, and Rhone-Poulenc Rorer,
Inc., Appellants,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee.
 Nos. 95-1448, 95-1457.
 United States Court of Appeals, Federal Circuit.
 Sept. 1, 1995.
 
 Before LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 Orion Corporation Fermion et al. move for leave to intervene in appeal no. 95-1448. Tanabe Seiyaku Co., Ltd. et al. and the International Trade Commission consent. Tanabe moves for leave to intervene in appeal no. 95-1457. Fermion and the Commission consent. The court questions sua sponte whether Fermion has standing to appeal.
 
 
 2
 Tanabe filed a complaint alleging that nine proposed respondents, including Fermion, engaged in unfair importation and sales in violation of § 337 of the Tariff Act of 1930. The administrative law judge (ALJ) determined there was no § 337 violation, finding that (1) claim 1 of Tanabe's patent was not infringed, (2) claim 1 was invalid as obvious, and (3) Tanabe's patent was unenforceable based on inequitable conduct. The Commission affirmed the infringement finding, but took no position on invalidity and unenforceability. Both Tanabe and Fermion appealed to this court.
 
 
 3
 In Surface Technology, Inc. v. United States Internat'l Trade Comm'n, 780 F.2d 29 (Fed.Cir.1985), we stated that when the Commission determined that there was no § 337 violation, the respondents below did not have standing to appeal because they were not adversely affected by the Commission's order. The respondents were, of course, allowed to intervene in the petitioner's appeal and to raise as appellees any arguments in support of the Commission's determination. Further, in Surface Technology and in Beloit Corp v. Valmet Oy, 742 F.2d 1421 (Fed.Cir.1984), we stated that this court will not review those findings on which the Commission took no position. The circumstances are identical in this case.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Appeal no. 95-1457 is dismissed. Tanabe's motion for leave to intervene in 95-1457 is moot.
 
 
 6
 (2) Fermion's motion for leave to intervene in 95-1448 is granted.
 
 
 7
 (3) The revised official caption is reflected above.