KASOLD, Judge,
concurring:
I write separately to address what is a much too narrow view by the Secretary of our jurisdiction. Specifically, the Secretary argues that the Court lacks jurisdiction to even review Mr. Rosenberg’s claim for equitable estoppel, ostensibly because we do not sit as a court of equity. See Secretary’s Brief (Br.) at 9.[1]
Although we are not a court of equity in the sense that we cannot render an award that is contrary to law, this is true of all federal courts,[2] see Immigration & Naturalization Serv. v. Pangilinan, 486 U.S. 875, 883, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) (“[I]t is well established that ‘courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.’ ” (quoting Hedges v. Dixon County, 150 U.S. 182, 192, 14 S.Ct. 71, 37 L.Ed. 1044 (1893))); see also OPM v. Richmond, 496 U.S. 414, 434, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (“[I]t is enough to say that this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.”).
Further, although we generally do not have jurisdiction to review the Secretary’s exercise of his equitable authority under 38 U.S.C. § 503, see Harvey v. Brown, 6 Vet.App. 416, 425 (1994) (recognizing that neither the Board nor the Court has jurisdiction to review the Secretary’s exercise *6 of his equitable discretion),[3] it does not follow that we lack the authority to review the arguments made in this case, or any other arguments seeking equitable relief due to error on the part of the Secretary. Indeed, as with any federal court, we have all the authority necessary to exercise equitable jurisdiction and direct equitable relief not otherwise restricted by law. Cf. Pangilinan, supra.
For example, early on the Court recognized its authority to review and consider the application of equitable defenses. See Manio v. Derwinski, 1 Vet.App. 140, 143 (1991) (explicitly stating our authority to consider application of equitable defenses, but rejecting the Secretary’s equitable defense of laches because this defense was not raised to the Board); see also Browder v. Derwinski, 1 Vet.App. 204, 208 (1991) (concluding “that the VA benefits system as well as the Veterans’ Judicial Review Act both militate against the application of the doctrine [of laches] to cases before this Court”). We also have the authority to issue decisions nunc pro tunc when equity warrants such action, see Padgett v. Nicholson, 473 F.3d 1364, 1371 (Fed.Cir.2007) (stating that “nunc pro tune relief is equitable in nature”); Seals v. Derwinski, 2 Vet.App. 190, 191 (1992) (granting nunc pro tunc relief for a Notice of Appeal (NOA) timely filed via facsimile but without a confirming NOA as required by the Court’s Rules of Practice and Procedure), and we have the equitable authority of “all courts established by an Act of Congress” granted by the All Writs Act. See 28 U.S.C. § 1651(a); see Cox v. West, 149 F.3d 1360, 1363 (Fed.Cir.1998); see also Rosemount, Inc. v. U.S. Int’l Trade Comm’n, 910 F.2d 819, 821 (Fed.Cir.1990) (stating that an injunction is equitable relief); ben-Shalom v. Secretary of the Army, 807 F.2d 982, 988 (Fed.Cir.1986) (holding writ of mandamus is equitable relief).
Moreover, in furtherance of our broad authority over Board decisions and matters below affecting Board decisions,[4] the Court has applied equitable estoppel against the Secretary precluding him from asserting that a claimant’s informal claim is not a “cognizable claim for effective date purposes.” Servello v. Derwinski, 3 Vet.App. 196, 200 (1992) (finding no evidence that the Secretary fulfilled his statutory duty pursuant to 38 C.F.R. § 3.155(a) to provide the veteran with an application form after receipt of an informal claim, the Court held that the Secretary “may not ... assert ... that ... [the] informal claim is not a cognizable claim for effective-date purposes” (quoting Quarles v. Derwinski, 3 Vet.App. 129, 137 (1992))). We have also held that fair process requires certain notifications. See Thurber v. Brown, 5 Vet.App. 119, 123 (1993) (“The entire thrust of the VA’s nonadversarial claims system is predicated upon a structure which provides for notice and an op *7 portunity to be heard at virtually every step in the process.”)- Remedial actions such as these are not mandated by statute or regulation; they are equitable resolutions imposed by the Court.
Thus, Mr. Rosenberg’s equitable estop-pel argument fails not because the Court lacks jurisdiction to review such an argument. Rather, assuming arguendo that equitable estoppel was otherwise appropriate in this case, and it is not clear it would be,[5] Mr. Rosenberg’s argument fails because a monetary award simply is not permitted by law. See OPM, 496 U.S. at 430, 110 S.Ct. 2465 (“The whole history and practice with respect to claims against the United States reveals the impossibility of an estoppel claim for money in violation of a statute.”).

. Indeed, although OPM v. Richmond, 496 U.S. 414, 434, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) is controlling in this case, the Secretary fails to cite to it in his written brief, relying instead on the assertion that we lack jurisdiction to hear the issue.

. “There is no procedural distinction in federal court between suits in equity and suits at law.” 27A Am Jur. 2d Equity § 4 (1996). See generally, the Fed.R.Civ.P. 1 (stating that these rules govern suits at law, equity, and in admiralty); Fed.R.Civ.P. 2 (noting in federal courts there is one form of action called a “civil action”).

. Not yet addressed is our authority to review allegations that the Secretary’s actions under 38 U.S.C. § 503 violate the Constitution, e.g., discrimination violating the equal protection guaranteed by the Constitution. See 38 U.S.C. § 7261(1) (directing the Court to decide all relevant questions of, inter alia, constitutional interpretation, when necessary and presented).

. See 38 U.S.C. § 7252 (granting "exclusive jurisdiction to review decisions of the Board of Veterans’ Appeals ... [and the] power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate"). See also 38 U.S.C. § 7261(a)(3)(A) (providing the full scope of our review authority, including, inter alia, the authority to compel action of the Secretary "unreasonably delayed” and set aside decisions, rules, or regulations of the Secretary or the Board that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law”).

. "[A] party seeking to assert equitable estop-pel must demonstrate that (1) the party to be estopped made a 'definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it'; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the ‘reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.’" Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir.2007) (quoting Heckler v. Community Health Services, 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)).