**ILLINOIS TOOL WORKS, INC.,**
**Plaintiff–Appellant,**

v.

**GRIP–PAK, INC., Defendant–Appellee.**

**No. 90–1119.**

United States Court of Appeals,
Federal Circuit.

June 20, 1990.

---

Theodore W. Anderson, of Neuman, Williams, Anderson & Olson, Chicago, Ill., argued for plaintiff-appellant. With him on the brief were Michael O. Warnecke, Thomas S. Borecki and Wesley O. Mueller.

George P. McAndrews, of McAndrews, Held & Malloy, Chicago, Ill., argued for defendant-appellee. With him on the brief were Lawrence M. Jarvis, D. David Hill and Thomas J. Wimbiscue.

Before MARKEY, Chief Judge, PLAGER, Circuit Judge, and TASHIMA, District Judge.*

MARKEY, Chief Judge.

 Illinois Tool Works, Inc. (ITW) appeals from a denial of its motion for preliminary injunction against Grip–Pak, Inc. (Grip–Pak) which ITW had sued for infringement of U.S. Patent Nos. 3,733,100 ('100)[1] and 4,219,117 ('117). *Illinois Tool Works, Inc. v. Grip–Pak, Inc.*, 725 F.Supp. 951, 13 USPQ2d 1463 (N.D.Ill.1989). We affirm.

### Background

The district court (Duff, J.) supplied with its order denying the motion a comprehensive twenty page Memorandum Opinion and six pages of drawings/exhibits. The court began with a recognition of the factors to be considered: (1) reasonable likelihood of success on the merits; (2) irreparable harm; (3) balance of hardships tipping in its favor; and (4) the impact of the injunction on the public interest. The court cited *Hybritech Inc. v. Abbott Laboratories*, 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1195 (Fed.Cir.1988) for the proposition that the court "must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested."

Carefully weighing, measuring, and interrelating the factors and the parties' evidence and arguments on each, and accurately applying the law, the court determined that ITW had not sufficiently shown that any of the four listed factors weighed in its favor.[2] Summarizing, the court said, "On balance, the court believes that it would be inequitable for an injunction to issue."

### Issue

Did the district court abuse its discretion in denying a preliminary injunction on this record?

### OPINION

### Introduction

 As occurs all too frequently, both parties to this preliminary injunction case cast their arguments in terms applicable to judgments entered after trial; yet the issue is whether the district court abused its discretion in granting or denying a *motion* for a *preliminary* injunction after a hearing in which neither party was required to prove his case in full and in light of findings and conclusions *not binding* at trial. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1271, 225 USPQ 345, 348 (Fed.Cir.1985) (substantive issues, such as validity and infringement, are not raised for final resolution by motion for preliminary injunction). Indeed, the district court in this case expressly recognized the possibility "of new evidence changing the court's impression of the facts." 725 F.Supp. at 959, 13 USPQ2d at 1470. This is only the first round, involving only a preliminary injunction, a matter of equity, 35 U.S.C. § 283, and requiring an evaluation and balancing of the four above-listed factors and the circumstances surrounding each. Those factors and circumstances tend to overlap, but none may be ignored en route to a determination of whether, in the district court's words, it would be "inequitable for an injunction to issue."

 A patentee's entitlement to a presumption of irreparable harm would not in itself and in every case be dispositive of the irreparable harm question. Neither party cited *Roper*, 757 F.2d at 1272, 225 USPQ at

---

* District Judge A. Wallace Tashima of the Central District of California, sitting by designation.

1. The '100 patent having expired, the question of a preliminary injunction against infringement of that patent is moot. No need exists, therefore, for treatment here of the parties' extensive arguments relating to it.

2. The district court said Grip–Pak was unlikely to establish its invalidity and unenforceability defenses. Because we affirm the denial of the injunction in light of the court's balancing of all four factors, we need not discuss those defenses or Grip–Pak's challenge on this appeal to the district court's view of them at the motion stage.

349, in which this court noted that a presumption of irreparable harm to a patentee is, like all presumptions, rebuttable.[3]

Grip–Pak requests that we "comment" on its best mode defense so it "will not be barred from presenting evidence on this issue." ITW says Grip–Pak is seeking an advisory opinion. Though we certainly decline to "comment", we note that neither side cited the law relating to Rule 65(a). *See University of Texas*, 451 U.S. at 395, 101 S.Ct. at 1834; 11 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 2950 (1973) (parties free to submit and resubmit evidence at trial).

## Infringement

■ The parties here devoted the major portions of their briefs and arguments to the likelihood of success factor, though, as above indicated, both couch their arguments in terms of whether ITW had already proven infringement. In *H.H. Robertson, Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390, 2 USPQ2d 1926, 1929 (Fed. Cir.1987) this court noted that a grant of preliminary injunction does not require proof of infringement beyond all question. The corollary proposition is that a denial of a preliminary injunction does not require that noninfringement be clear beyond all question.

ITW argues here, as it did in the district court, that the "substantially V-shaped" limitation in claim 1[4] of the '117 patent, can be read literally on the continuous curve of the accused device, or, alternatively that the accused device infringes under the doctrine of equivalents. The district court having carefully treated and correctly disposed of each of ITW's arguments directed to infringement, no useful purpose would be served by our traversing that same ground. It is sufficient here to refer interested readers to 725 F.Supp. 956–58, 13 USPQ2d 1467–69, and to state that we find no error in the district court's determi-

nation that ITW had not established a strong likelihood of success.

## Irreparable Harm

Likelihood of success is an important factor, but no court has held it alone determinative and ignored all three of the other factors. Though likelihood of success is listed first in *Hybritech*, many courts and commentators list first the question of whether irreparable harm to the movant will result from denial of a preliminary injunction. *Roper*, 757 F.2d at 1269, 225 USPQ at 346; 11 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 2948.

■ Insisting that it had made a "strong" showing of likelihood of success in proving infringement, and noting the district court's indication that Grip–Pak would probably not succeed in establishing invalidity or unenforceability, ITW says it is entitled to a "presumption of irreparable harm," citing *Smith International, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1581, 219 USPQ 686, 692–93 (Fed.Cir.1983), *cert. denied*, 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983) and *H.H. Robertson*, 820 F.2d at 390, 2 USPQ2d at 1930. ITW's argument is thrice flawed. First, as the district court correctly determined, its showing is not "strong". Second, its citations are inapt: in *Smith*, the patent had been upheld on appeal after trial and defendant admitted infringement; in *Robertson*, the patent had also been upheld in a prior trial and the district court found that Robertson had shown a "reasonable probability" of proving infringement. Third, *if* ITW had been entitled to a presumption of irreparable harm, it would have been fully rebutted on the facts here. *See Roper*, 757 F.2d at 1272, 225 USPQ at 349.

ITW mischaracterizes the district court's reasoning on the irreparable harm factor when it asserts that the court abused its

---

3. In *Roper*, pre-motion cessation of Litton's production of accused ovens established the absence of irreparable harm and made unnecessary a consideration of the district court's view on likelihood of success in proving infringement. As discussed in the text, other facts es-

tablish an absence of irreparable harm in the present case.

4. The parties restricted their presentations to the district court to claim 1 of each patent.

discretion in relying solely "on the ratio-
nale that Grip–Pak would be able to pay
money damages." The district court stated
its true, fully adequate, and eminently ap-
propriate rationale:

> This court believes that in instances
> where the patent holder has not demon-
> strated a reasonable likelihood of success
> on the merits, but has licensed its patent
> to another, monetary damages can suffi-
> ciently compensate the patent holder for
> infringement occurring during the course
> of the litigation. Such is the case here.
> It is undisputed that ITW has licensed its
> patents to another company. ITW thus
> does not have the exclusive market for
> plastic carriers, and the court can place a
> value on the market for those carriers by
> looking to the licenses themselves.
> There was no showing at the hearing
> that were the court to assess damages
> against Grip–Pak for infringement dur-
> ing the course of this matter that Grip–
> Pak could not pay. The court thus be-
> lieves that ITW has not shown irrepara-
> ble harm as a result of Grip–Pak's activi-
> ties.

725 F.Supp. at 958, 13 USPQ2d at 1469.

ITW argues that, "apart from the pre-
sumption," its "potential lost sales" alone
demonstrate "manifest irreparable harm",
but acceptance of that position would re-
quire a finding of irreparable harm to ev-
ery manufacturer/patentee, regardless of
circumstances. ITW also argues that its
grant of a license to Owens–Illinois, Inc. at
a 4% royalty should not evidence an ab-
sence of irreparable harm, but does not tell
us, nor can we discern, how any "lost
sales" attributable to Grip–Pak would be
any less compensable in dollars than are
the "lost sales" attributable to Owens–Illi-
nois, Inc. A reading of the district court's
memorandum opinion renders equally una-
vailing the assertion by ITW, in disregard
of its failure to carry its burden, that the
court merely "presumed" Grip–Pak's abili-
ty to respond in damages.

Past applications of the concept that *no*
patentee could *ever* be irreparably harmed
when an alleged infringer is capable of
responding in damages frequently dis-

served patentees and the patent system.
*See Roper*, 757 F.2d at 1269 n. 2, 225 USPQ
at 346 n. 2. That disservice would not be
cured by a rash of patentee motions for
preliminary injunctions filed without full
basis in equity. Application of a concept
that *every* patentee is *always* irreparably
harmed by an alleged infringer's pretrial
sales would equally disserve the patent sys-
tem. Like all generalities, neither concept
is universally applicable and, knowing that
the court will do so, patentees should con-
sider, weigh, and balance all of the eq-
uitable circumstances, in light of the estab-
lished jurisprudence, before moving for a
preliminary injunction.

### Balance of Hardships

A preliminary injunction is a drastic rem-
edy. *See* 11 C. Wright & A. Miller, *Feder-
al Practice and Procedure* Civil: § 2948
and cases cited therein. The hardship on a
preliminarily enjoined manufacturer who
must withdraw its product from the market
before trial can be devastating. On the
other hand, the hardship on a patentee
denied an injunction after showing a strong
likelihood of success on validity and in-
fringement consists in a frequently and
equally serious delay in the exercise of his
limited-in-time property right to exclude.
Neither hardship can be controlling in all
cases. Because the court must balance the
hardships, at least in part in light of its
estimate of what is likely to happen at trial,
it must consider the movant's showing of
likelihood of success. Yet, a court must
remain free to deny a preliminary injunc-
tion, whatever be the showing of likelihood
of success, when equity in the light of all
the factors so requires. *Roper*, 757 F.2d at
1272–73, 225 USPQ at 349–50. In the
present case, as the district court found,
ITW's weak showing of likelihood of suc-
cess tips the balance of hardships toward
Grip–Pak.

The district court further and cor-
rectly considered the equitable effect of a
grant or denial on the parties, noting that a
grant might destroy Grip–Pak while a deni-
al would leave ITW a going concern. ITW
quotes language from the opinion in *Wind-*

surfing International, Inc. v. AMF, Inc., 782 F.2d 995, 1003 n. 12, 228 USPQ 562, 568 n. 12 (Fed.Cir.), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986), indicating that "one who elects to build a business on a product found to infringe" cannot object to an injunction. The quote is surprising, for the injunction under consideration in *Windsurfing* was a *permanent* injunction, to be issued *after trial.*[5] Thus, nothing in *Windsurfing* is remotely related to a potential destruction of Grip-Pak *without* its day in court.

The district court indicated that, *if* ITW had made a strong showing of likelihood of success, it would have given less weight to the effect of a preliminary injunction on Grip-Pak, noting that the law does not distinguish between large and small infringers. Whether a destructive effect on an infringer's business before trial should be given more or less weight in the balancing of hardships when a patentee shows a strong likelihood of success need not be discussed here, the district court having correctly determined that ITW made no such showing.

### Public Interest

Recognizing a public interest in the protection of patent rights, the district court deemed that interest counterbalanced in this case by Grip-Pak's continuing right to compete, which must be seen as legitimate at this motion stage in view of ITW's "remote" showing of likelihood of success in proving infringement at trial. We find no error in that approach in this case.

### Conclusion

ITW has failed to show that the district court abused its discretion in denying the motion for a preliminary injunction.

AFFIRMED.

---

**5.** ITW's quote is without the phrase "on a product." Further, it is inappropriate to quote mere *language* from a court *opinion,* while disregarding the actual holding of the court and the factual pattern which gave rise to the quoted language.