965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ETHICON, INC. and Inbae Yoon, Plaintiffs-Appellants,
v.
UNITED STATES SURGICAL CORP., Defendant-Appellee.
 No. 91-1325.
 United States Court of Appeals, Federal Circuit.
 April 29, 1992.
Rehearing Denied May 26, 1992.
 
 Before NIES, Chief Judge, ARCHER and PLAGER, Circuit Judges.
 DECISION
 NIES, Chief Judge.
 
 
 1
 Ethicon, Inc., exclusive licensee of U.S. Patent No. 4,535,773 (the '773 patent) and Inbae Yoon, the inventor, (collectively Ethicon) appeal the district court's denial of a preliminary injunction to prevent United States Surgical Corp. (USSC) from selling its allegedly infringing SURGIPORT trocar. We affirm.
 
 DISCUSSION
 
 2
 A trocar is a medical device which punctures the skin and allows for insertion of other instruments into a body cavity in order to perform minimally invasive surgical procedures. It contains a tubular outer sleeve or cannula and a sharp-tipped cutting shaft or obturator. The trocars in issue contain a safety shield to cover the tip of the shaft after penetration of the skin to prevent damage to internal organs. The '773 safety shield is attached to the outer sleeve, whereas the SURGIPORT trocar has the obturator and safety shield joined as a unit.
 
 
 3
 "One denied a preliminary injunction must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.), cert. denied, 464 U.S. 996 (1983). Ethicon has failed to persuade us that the district court committed an error of fact or law or abused its discretion in denying a preliminary injunction.
 
 
 4
 The district court in a comprehensive opinion made detailed findings against Ethicon on each of the factors which Ethicon had to establish to lay the foundation for a preliminary injunction. Ethicon would have to overcome findings (1) that USSC's devices are not likely to be considered infringements, (2) that Ethicon did not show irreparable harm by USSC's sales, (3) that the balance of the hardships tips in favor of USSC, and (4) that the requested preliminary injunction would not be in the public interest.
 
 
 5
 Ethicon failed to present persuasive arguments on each of these factors. On irreparable harm, Ethicon argues it should be afforded a presumption. However, even if Ethicon ultimately were to prevail on the issues of validity and infringement, Ethicon has not made the strong showing required on either point which is necessary at this stage to give rise to a presumption. Illinois Tool Works v. Grip-Pak, Inc., 906 F.2d 679, 682, 15 USPQ 2d 1307, 1309 (Fed.Cir.1990). Thus, the district court's denial of a presumption of irreparable harm is not clearly erroneous. Also, we agree that Ethicon's delay of more than a year in seeking a preliminary injunction undermines its assertion that extraordinary relief is needed, as the district court concluded.
 
 
 6
 On the balance of hardships factor, the district court found that the effect of a preliminary injunction on USSC's long established business would be devastating. On Ethicon's side is only the asserted difficulty in penetrating the market established by USSC, which Ethicon now is attempting to do. The court's finding respecting hardships is not clearly erroneous.
 
 
 7
 Finally, the district court found that the public need for the medical device could not be met by Ethicon. USSC puts out special trocars, for example, made out of radiolucent material which are not in Ethicon's product line.
 
 
 8
 In view of the above deficiencies, we need not address in detail Ethicon's principal argument that the district court erred in its interpretation of claims 50 and 34 and, thus, erred in finding no likelihood of success on the merits. A definitive ruling on claim interpretation is to be avoided at the preliminary injunction stage. Cf. Atlas Powder Co. v. Ireco Chems., 773 F.2d 1230, 1233, 227 USPQ 289, 292 (Fed.Cir.1985) (full trial on the requirements for a permanent injunction not necessary for a preliminary injunction). Recognizing that its ruling was only tentative, the district court held that "the credible evidence presented at the hearing indicates that the phrase 'longitudinal interior passage' means a device where the obturator passes into and out of the cannula/shield unit." On the record before us, we are unpersuaded of error in this tentative interpretation of claim 50. Additionally, with respect to claim 34, we hold, as a matter of law, that claim 34 is a method of use claim. Ethicon's argument to us that it is a claim for a method of assembly of its device is without merit.