996 F.2d 318
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WAHPETON CANVAS COMPANY, INC., Plaintiff-Appellant,
v.
GEBHART ENTERPRISES, INC., Defendant,
and
Robert Gebhart, Defendant-Appellee.
 Nos. 92-1181, 92-1450.
 United States Court of Appeals, Federal Circuit.
 April 15, 1993.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Wahpeton Canvas Company, Inc. appeals from the orders of the United States District Court for the Eastern District of Arkansas denying (1) its motion for a preliminary injunction enjoining Gebhart Enterprises, Inc. (GEI) and Robert Gebhart from infringing U.S. Patent Re. 31,746, Wahpeton Canvas Co. v. Gebhart Enters., Inc., No. PB-C-90-418 (E.D.Ark. December 20, 1991); and (2) its motion for reconsideration of its preliminary injunction motion, Wahpeton Canvas Co. v. Gebhart Enters., Inc., No. PB-C-90-418 (E.D.Ark. March 4, 1992). Because the district court abused its discretion in denying Wahpeton's motions, we reverse.
 
 DISCUSSION
 
 2
 Wahpeton is the assignee of U.S. Patent Re. 31,746, entitled "Roll-up Tarp for Trailers." The claims of the '746 patent are directed to a cover assembly for an open truck box or trailer.[1] On August 10, 1990, Wahpeton filed a complaint in the United States District Court for the Eastern District of Arkansas against GEI and its president, Robert Gebhart, alleging infringement of the '746 patent. On November 12, 1991, Wahpeton moved for a preliminary injunction. The district court denied the motion and Wahpeton subsequently moved for reconsideration.
 
 
 3
 In ruling on the motion, the district court examined the four factors relating to injunctive relief enumerated in Hybritech Inc. v. Abbott Laboratories, 849 F.2d 1446, 1451, 7 USPQ2d 1191, 1195 (Fed.Cir.1988) (likelihood of success on the merits, irreparable harm, balance of hardships, public interest). The district court was unpersuaded by Wahpeton's evidence of infringement and determined that Wahpeton was not likely to prove infringement at trial.[2] The district court also gave little weight to the evidence offered to show that Wahpeton would suffer irreparable harm if the injunction were not granted. Regarding the remaining factors, the district court found that the balance of hardships tipped in favor of the defendants and that the public interest would be served best by denying Wahpeton's motion. Upon weighing these factors, the district court concluded that Wahpeton had not established a right to a preliminary injunction.
 
 
 4
 On appeal, Wahpeton seeks reversal of the district court's denial of its motion as to Gebhart.[3] In order to prevail, Wahpeton "must meet the heavy burden of showing that the district court abused its discretion, committed an error of law, or seriously misjudged the evidence." Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579, 219 USPQ 686, 691 (Fed.Cir.), cert. denied, 464 U.S. 996 (1983). Although a decision to grant or deny a motion for a preliminary injunction lies within the discretion of the district court, that discretion is not absolute and must be measured against the standards governing the issuance of injunctive relief. Id.
 
 
 5
 We are not, of course, reviewing a final judgment on the merits. Thus, with respect to the issue of infringement, we need only ascertain whether the district court erred in concluding that Wahpeton had failed to demonstrate a reasonable likelihood that it will prevail at trial. See H.H. Robertson, Co. v. United Steel Deck, Inc., 820 F.2d 384, 390, 2 USPQ2d 1926, 1929 (Fed.Cir.1987). The "grant of a preliminary injunction does not require proof of infringement beyond all question." Illinois Tool Works, Inc. v. Grip-Pak, Inc., 906 F.2d 679, 682, 15 USPQ2d 1307, 1309 (Fed.Cir.1990).
 
 
 6
 Wahpeton argues that based upon the undisputed evidence of record,[4] the district court clearly erred in finding that "Wahpeton will [not] be able to prove infringement by GEI's product on its '746 patent at trial." In support of its motion, Wahpeton submitted five 8" X 10" color photographs of the accused product which were taken at the same angles as the figures contained in the '746 patent. Wahpeton also offered the affidavit of an experienced patent attorney who testified as an expert on infringement. The attorney examined the '746 patent, its file history, the prior art, and the photographs of the accused tarp, and opined that all four independent claims (claims 1, 11, 14, and 21) of the '746 patent were literally infringed by the accused tarp. Gebhart made no response disputing this testimony. The district court, however, discredited the attorney's analysis because it was "based upon photographs of the GEI roll-up tarp taken by a Wahpeton employee."
 
 
 7
 Although we accord great deference to the district court's weighing of evidence, we must conclude that the rationale articulated by the court for discounting Wahpeton's infringement evidence is unsound. Wahpeton was forced to rely on photographs because it was unable to acquire from the defendants any diagrams, blue prints, brochures, or any other descriptive information illustrating the accused tarp, despite repeated requests for the production of such documents during discovery. Gebhart's failure to respond frustrated examination of the infringement question. More importantly, the photographs were verified as showing the device that GEI used to demonstrate its roll-up tarp and were acknowledged by Gebhart as accurately depicting the structure of the tarp.
 
 
 8
 Wahpeton, "as seeker of a preliminary injunction, bore the burden of showing at this stage a reasonable likelihood of success in proving infringement at trial. It submitted its claims and proved the structure of the accused [device]. There is little more it could have done." Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1271, 225 USPQ 345, 348 (Fed.Cir.1985). Based on our review of the infringement evidence submitted by Wahpeton, we hold that the district court clearly erred in finding that Wahpeton had not established a reasonable likelihood of success on the issue of infringement.
 
 
 9
 We also agree with Wahpeton that the district court's clearly erroneous finding with respect to the likelihood-of-success factor tainted its findings with regard to the irreparable harm and the public interest factors. When a movant has made a clear showing of patent infringement and validity, as Wahpeton has here, it is entitled to a presumption of irreparable harm. See Smith Int'l, 718 F.2d at 1580-81, 219 USPQ at 692. Moreover, the district court's error prevented it from recognizing the public's interest in protecting Wahpeton's right to exclude others from making, using, and selling a product covered by its concededly valid patent. See Hybritech, 849 F.2d at 1458, 7 USPQ2d at 1201. Because denial of Wahpeton's motion for a preliminary injunction amounts to an abuse of discretion in light of our reversal of the district court's finding on the likelihood of success on the merits, we must reverse the district court's decision. See New England Braiding Co. v. A.W. Chesterton Co., 970 F.2d 878, 882, 23 USPQ2d 1622, 1625 (Fed.Cir.1992).
 
 
 
 [1]
 A detailed description of the invention and the text of the four independent claims of the '746 patent appear in Wahpeton Canvas Co. v. Frontier, Inc., 870 F.2d 1546, 1548-50, 10 USPQ2d 1201, 1204-06 (Fed.Cir.1989)
 
 
 [2]
 The court found that Wahpeton had established a reasonable likelihood of success with respect to the validity of the '746 patent based on the statutory presumption of validity, 35 U.S.C. § 282 (1988), and three prior infringement actions brought by Wahpeton: Wahpeton Canvas Co. v. Koffler Mfg., Inc., Civil Action A3-82-61 (D.N.D. March 18, 1987) (consent judgment entered after discovery but before trial, acknowledging validity of the patent); Wahpeton Canvas Co. v. Schmeichel, Civil Action No. A3-82-155 (D.N.D. October 30, 1987) (consent decree entered acknowledging validity after a jury trial on the merits in which the patent was found not invalid); Wahpeton Canvas Co. v. Frontier, Inc., CIV A3-82-61 (D.N.D. August 30, 1991) (final judgment entered in accordance with a jury's verdict that the patent was not invalid)
 
 
 [3]
 On January 27, 1992, GEI and Gebhart filed voluntary petitions for bankruptcy relief under Chapter 7 of Title 11, United States Code. An Order for Relief was entered by the United States Bankruptcy Court which operated to stay judicial proceedings. 11 U.S.C. § 362(a)(1) (1988). The stay was terminated on June 16, 1992, the date of discharge. 11 U.S.C. § 362(c)(2)(C) (1988). Although GEI ceased operations upon filing for bankruptcy protection, Wahpeton claims that Gebhart continued to infringe the '746 patent both during the bankruptcy proceedings and after discharge
 
 
 [4]
 Neither GEI nor Gebhart filed responses to Wahpeton's motions before the district court. Gebhart has not filed a responsive brief in this appeal