**CALMAR, INC., Plaintiff,**

v.

**EMSON RESEARCH, INC., Defendants.**

**No. CV 92–4770 DT (JGx).**

United States District Court,
C.D. California.

Oct. 4, 1993.

Walter D. Ames, Lawrence R. Radanovic, Watson, Cole, Grindle & Watson, Washington, DC, Richard M. Rosenthal, Schlessinger & Wheeler, Beverly Hills, CA, for plaintiff and counterclaim-defendant, Calmar Inc.

Charles R. Brainard, John C. Altmiller, Philip G. Hampton, II, Kenyon & Kenyon, Washington, DC, Jonathan P. Chodos, P.C., Santa Monica, CA, for defendant and counterclaimant, Emson Research, Inc.

TEVRIZIAN, District Judge.

## Background

This action arises out of an alleged patent infringement. The Defendant ("Emson") alleges it has been making the accused pump sprayers (a ball type PMP pump sprayer which "burp" down the dip tube) since at least 1981.

On August 7, 1992, Plaintiff ("Calmar") brought the instant action against Emson alleging that the pump sprayers manufactured and sold by Emson infringe Calmar's 4,051,983 patent. Calmar, through its counsel, has since confirmed that it asserts its claims of patent infringement against these ball type sprayers whether they use a groove or a bump to "burp" down the dip tube.

On August 21, 1992, Emson brought to Calmar's attention, U.S. Patent No. 4,144,987 ("the Kishi patent"), which was not before the Patent and Trademark Office ("PTO") and which teaches the "down the dip tube" burping which Calmar had told the patent office was its invention. Emson also provided Calmar with the drawings of its pumps, and pointed out why its pumps did not infringe the '983 patent.

On September 21, 1992, Emson answered the complaint, counterclaimed that the '983 patent was invalid, and that Calmar was unfairly competing with Emson by threatening its customers with suit on the patent after having knowledge of the Kishi patent.

On October 9, 1992, pursuant to Local Rule 6.2, the parties had an early meeting of counsel. During this meeting, counsel for Emson allegedly presented to Calmar's counsel a draft Request for Reexamination, which raises a new question of patentability under 35 U.S.C. § 103. The parties allegedly agreed that counsel for Calmar would be given time to consider it.

On October 26, 1992, counsel for both parties met so Calmar's counsel could respond to the patentability issues raised in the draft Request for Reexamination, and conclude a discussion of settlement. However, Calmar allegedly refused to discuss the Request for Reexamination except to say that it did not agree that its patent was invalid or that the Emson pump sprayers did not infringe the '983 patent.

Consequently, on November 10, 1992, Emson filed a Request for Reexamination of the '983 patent with the PTO. On November 20, 1992, Emson filed a Motion for Stay of Proceedings Pending Reexamination in this Court. On December 1, 1992, Calmar filed a Motion to Dismiss Emson's Counterclaim 1 for failure to state a claim of unfair competition pursuant to Federal Rule of Civil Procedure 12(b)(6). On December 21, 1992, this Court granted Emson's Motion for Stay of Proceedings Pending Reexamination of Calmar's Patent and granted Calmar's Motion to Dismiss Emson's Counterclaim 1.

On August 27, 1993, Calmar filed an Ex Parte Application Under Local Rule 7.18 to Lift the Stay of Proceedings. On August 30, 1993, this Court granted the Ex Parte Application and lifted the stay. On September 9, 1993, Defendant Emson filed an Opposition to Plaintiff's Ex Parte Application to Lift the Stay of Proceedings. On September 27, 1993, this Court confirmed that the Stay of Proceedings had been lifted as of August 30, 1993.

On September 7, 1993, Calmar filed a Motion for Preliminary Injunction seeking an Order enjoining Emson from manufacturing, using, selling, advertising or offering for sale its Model 40B pump sprayer during the pendency of the instant action and for a period not to exceed October 4, 1994, or from otherwise infringing Calmar's Anderson patent during that period. This motion is currently before this Court.

## Discussion

### A. Standard

In considering a motion for preliminary injunction, this Court follows the procedural requirements of Federal Rule of Civil Procedure 65 and relevant case law. Protection of the right to exclude others from utilizing the object of a patent has been provided by Congress through 35 U.S.C. § 283, which states that injunctions may be granted under the principles of equity to "prevent the violation of any rights secured by patent, on such terms as the court deems reasonable." The granting or denial of a preliminary injunction is within the sound discretion of the court. *Atari Games Corp. v. Nintendo of America, Inc.,* 897 F.2d 1572, 1575 (Fed.Cir.1990).

■ In order to obtain a preliminary injunction in patent infringement cases, the Federal Circuit has stated that the moving party must demonstrate: 1) reasonable likelihood of success on the merits; 2) lack of adequate remedy at law or other irreparable harm if preliminary relief is not granted; 3) the balance of hardships tips in the movant's favor; and 4) the issuance of a preliminary injunction is in the public interest. *See New England Braiding Co. v. A.W. Chesterton Co.,* 970 F.2d 878, 882 (Fed.Cir.1992); *H.H. Robertson, Co. v. United Steel Deck, Inc.,* 820 F.2d 384, 390 (Fed.Cir.1987). Under this rule, the trial court must weigh each of the factors against the others and the magnitude of the relief requested, and no one factor, taken individually, is necessarily dispositive. *Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.,* 908 F.2d 951, 953 (Fed.Cir. 1990). However, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial of the injunction. *Id.*

### B. Plaintiff Calmar, Inc. Is Not Entitled To A Preliminary Injunction

### 1. Calmar Has Not Sufficiently Shown Absence of an Adequate Remedy at Law or Other Irreparable Harm.

■ Emson claims that no irreparable harm exists because Calmar has failed to demonstrate any injury which could not be fully satisfied monetarily. According to Calmar, it has shown a harm which cannot be compensated by monetary damages because "[a]s the Federal Circuit has stated in *Atlas Powder Co. v. Ireco Chemicals,* 773 F.2d 1230, 1233 (Fed.Cir.1985) and *Hybritech Inc.*

*v. Abbott Laboratories,* 849 F.2d 1446, 1456 (Fed.Cir.1988), patent infringement necessarily causes damage which is not compensable by money." (Reply at 9). In this Court's opinion, Calmar has misstated the Federal Circuit's position.

In *Illinois Tool Works, Inc. v. Grip–Pak, Inc.,* 906 F.2d 679 (Fed.Cir.1990), the Federal Circuit upheld a denial of a preliminary injunction where the district court had considered the alleged infringer's ability to pay sufficient monetary damages for any infringement during the course of the litigation and had concluded there was no irreparable harm. The court stated that application of a concept that *every* patentee is *always* irreparably harmed by an alleged infringer's pretrial sales would disserve the patent system as much as past applications of the concept that *no* patentee could *ever* be irreparably harmed when an alleged infringer is capable of responding in damages. *Id.* at 683. The court said that, like all generalities, neither concept was universally applicable. *Id.*

Thus, the ability to fully compensate any harm with money damages, must be weighed in determining whether the principles of equity require the granting or denial of a preliminary injunction. In the instant case, it appears, from Emson's Financial Statements in the record currently before this Court, that Emson is financially sound and capable of satisfying a monetary damage award if Emson is eventually found liable for patent infringement.

Calmar also asserts that irreparable injury must be presumed on the facts of the instant case because Calmar has made a "clear showing" that the Anderson ('983) patent is valid and infringed. However, the cases cited in support of Calmar's contention involved situations where there were prior adjudications upholding the validity of the relevant patents, and/or where validity or infringement were uncontested. These factors contributed to the conclusion in each case that likelihood of success on the merits had been clearly established.[1] At this point in the proceedings, this Court is not convinced that Calmar has made such a sufficiently clear or strong showing that the '983 patent is valid and infringed that the presumption of irreparable harm would apply.

■ However, even if the presumption of irreparable harm were to apply, it is not an irrebuttable presumption. *Roper,* 757 F.2d at 1272. Significant delay in applying for injunctive relief tends to undercut an assertion of irreparable harm and can justify denial of preliminary injunctive relief. *See T.J. Smith & Nephew Ltd. v. Consolidated Medical Equipment, Inc.,* 821 F.2d 646, 648 (Fed.Cir.1987); *Citibank, N.A. v. Citytrust,* 756 F.2d 273 (2nd Cir.1985). In the present case, Emson claims that it has continually manufactured and sold pump sprayers, identical in all material aspects to the allegedly infringing pump sprayers, in direct competition with Calmar since at least 1981.[2] Emson goes on to argue that, because Calmar took no action challenging these pump sprayers until it filed the instant action in 1992, Calmar's allegation of irreparable harm is completely undermined. In this Court's opinion, especially in light of the sparse record in this case, Calmar has failed to sufficiently show the threat of any immediate irreparable harm.

1. *Smith International, Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 1580 (Fed.Cir.1983), *cert. denied* 464 U.S. 996, 104 S.Ct. 493, 78 L.Ed.2d 687 (1983) (reversed district court's denial of preliminary injunction in light of clear showing of likelihood of success on the merits where Ninth Circuit had previously declared the patents valid and plaintiff had admitted infringement); *Roper Corp. v. Litton Systems, Inc.,* 757 F.2d 1266, 1270 (Fed.Cir.1985) (validity of patent claims had been upheld in previous adjudication involving a different defendant and defendant in *Roper* had not challenged validity of the patent in the district court below); *Atlas Powder Co. v. Ireco Chemicals,* 773 F.2d 1230 (Fed.Cir.1985) (prior adjudication of validity against another defendant was evidence supporting a finding of likelihood of success on the merits); and *Hybritech Inc. v. Abbott Laboratories,* 849 F.2d 1446 (Fed. Cir1988) (prior adjudication of patent validity was evidence supporting the likelihood of success on the merits).

2. *See* Exhibit A in Emson's Opposition to Plaintiff Calmar, Inc.'s Motion for Preliminary Injunction. Emson states that Exhibit A consists of production drawings depicting these pump sprayers produced in 1981.

## 2. There is Insufficient Probability of Success on the Merits to Overcome the Lack of Immediate Irreparable Harm.

By statute, a patent is presumed valid, and the burden of establishing invalidity rests with the party asserting invalidity. 35 U.S.C. § 282. However, this statutory presumption does not apply at the preliminary injunction stage. *Nutrition 21 v. United States*, 930 F.2d 867, 869 (Fed.Cir.1991). Therefore, it does not relieve a patentee who moves for preliminary injunction from their burden of demonstrating likely success on all disputed issues at trial, including a patent's validity. *New England Braiding Co.*, 970 F.2d at 882. The statutory presumption is not evidence which can be weighed in determining likelihood of success on the merits, but rather, is a procedural device which places the burden of producing evidence and the ultimate burden of proof of invalidity at trial on the alleged infringer.[3] *Id.* Thus, although the patentee need do nothing to establish its rights under the patent if the alleged infringer does not present evidence challenging validity, where the alleged infringer presents such evidence, the patentee must show that the alleged infringer's defense lacks substantial merit. *Id.* at 882–883.

As its claims have been confirmed upon reexamination, the '983 patent currently stands valid before this Court.[4] However, "a court must remain free to deny a preliminary injunction, whatever be the showing of likelihood of success, when equity in light of all the factors requires it." *Illinois Tool Works, Inc.*, 906 F.2d at 683 (*citing Roper*, 757 F.2d at 1272–3). This Court finds that, in light of the lack of irreparable harm and delay of the plaintiff in seeking injunctive relief, the instant action does not merit the granting of a preliminary injunction.

## 3. The Balance of Hardships Does Not Clearly Favor Either Party.

Calmar alleges that the granting of a preliminary injunction will impose only minimal hardships upon Emson because: 1) Emson has other noninfringing pumps which can be substituted for the infringing pumps if they are enjoined and 2) Emson will not be driven out of business by such an injunction.[5] Calmar also alleges that it may lose customers to Emson if an injunction is not granted. However, Emson makes similar contentions, claiming that if an injunction is granted, it would suffer substantial injuries in the form of lost customers and good will. Emson also disagrees with Calmar's claim that there are other pumps it can substitute for the allegedly infringing pumps.

Preliminary injunction has been called a drastic remedy, which can cause hardship to both the alleged infringer, if granted, by requiring removal of its product from the market, or to the patentee, if denied, by delaying the exercise of his limited-in-time property right to exclude. *See Illinois Tool Works*, 906 F.2d at 683. Neither hardship necessarily controls in all cases, and a court must balance the hardships in light of all the factors. *Id.* In the instant case, neither party has sufficiently persuaded this Court that the hardships tip their way.

## 4. The Public Interest Does Not Clearly Favor Either Party.

Calmar asserts that this factor favors the granting of an injunction because the public has an interest in protecting and enforcing valid patents. *Hybritech*, 849 F.2d

---

3. In the instant case, Emson attempted to challenge the validity of the Anderson patent through a reexamination procedure. The reexamination apparently confirmed all of the claims in the Anderson patent. However, Emson maintains its position that the Anderson patent is invalid and/or unenforceable and has argued that the reexamination procedure and results were flawed, thereby attempting to turn this preliminary procedure into a "re-reexamination" of the Anderson patent. This Court notes that, in light of its preliminary nature, this motion is not the appropriate place to raise such objections.

4. This Court notes that this finding is not dispositive or binding on the ultimate issue of validity, which must await final resolution at trial, where there will be substantially more evidence on which to base a determination. *See Roper*, 757 F.2d at 1271 (substantive issues such as validity and infringement are not raised for final resolution by a motion for preliminary injunction).

5. Calmar states that these allegations are stated "on information and belief" because there has been no discovery at the present time.

**458**

at 1458. However, Emson argues that the public has a corollary interest in assuring that preliminary injunctions are not improvidently granted where they are not deserved. *H.H. Robertson, Co.*, 820 F.2d at 391. In the instant case, neither party has sufficiently persuaded this Court that the public interest clearly favors the granting or denial of a preliminary injunction.

### 5. Balancing of the Equities.

It is this Court's opinion that, upon balancing all the equities in the present case, especially in light of the limited amount of evidence available due to the lack of discovery thus far in these proceedings, Calmar is not entitled to a preliminary injunction because there is no threat of any irreparable injury to Calmar as Emson is capable of paying money damages should an ultimate determination that Emson has infringed the Anderson patent be made at trial.

Accordingly, this Court hereby **DENIES** Plaintiff Calmar's Motion for a Preliminary Injunction.

IT IS SO ORDERED.