**METAULLICS SYSTEMS CO., L.P., Plaintiff–Appellant,**

v.

**Paul V. COOPER and Molten Metal Equipment Innovations, Inc., Defendants–Appellees.**

No. 96–1290.

United States Court of Appeals, Federal Circuit.

Nov. 15, 1996.

Gordon D. Kinder, Renner, Otto, Boisselle & Sklar, P.L.L., Cleveland, OH, argued, for plaintiff-appellant. With him on the brief was Jay R. Campbell. Of counsel on the brief was Thomas H. Shunk, Baker & Hostetler, Cleveland, OH.

Timothy J. O'Hearn, Jones, Day, Reavis & Pogue, Cleveland, OH, argued, for defendants-appellees.

Before MAYER, LOURIE and RADER, Circuit Judges.

Order for the court filed by Circuit Judge MAYER. Opinion concurring in part filed by Circuit Judge LOURIE.

---

## ORDER

MAYER, Circuit Judge.

Metaullics Systems Co., L.P. (Metaullics) appeals from the United States District Court for the Northern District of Ohio's denial of its motion for a preliminary injunction against Paul V. Cooper and Molten Metal Equipment Innovations, Inc. (together, MMEI), *Metaullics Systems Co., L.P. v. Cooper,* No. 96–CV–554 (N.D.Ohio March 28, 1996). Metaullics sued MMEI for infringement of U.S. Patent No. 4,169,584 ('584 patent), which expired on October 2, 1996.

■ The only relevant fact in this appeal is that the '584 patent has expired. Thus, Metaullics no longer may seek or obtain a preliminary injunction against infringement of the '584 patent. Accordingly, this appeal is moot. *See Illinois Tool Works, Inc. v. Grip–Pak, Inc.,* 906 F.2d 679, 681 n. 1, 15 USPQ2d 1307, 1308 (Fed.Cir.1990).

■ It is noteworthy nonetheless that shortly before the '584 patent expired, MMEI moved to withdraw its argument that this court should not construe the claims of the '584 patent in this appeal. In its supporting memorandum, MMEI wrote,

> [MMEI] had previously expressed opposition based on the concern that the abbreviated nature of the preliminary injunction hearing did not allow for a fully developed record. In light of the fact that the patent will expire on October 2, 1996, however, the interests of finality and economy outweigh [MMEI's] concerns about an inadequate opportunity to develop the record.

We disagree with MMEI's turnabout conclusion. In *Markman v. Westview Instruments, Inc.,* — U.S. —, —, 116 S.Ct. 1384, 1395, 134 L.Ed.2d 577 (1996), the Supreme Court held that judges, not juries, should construe patents. Acknowledging the "evidentiary underpinnings" of claim construction, the Court based its holding upon neither history nor precedent; instead, it relied upon functional considerations. The Court reasoned,

> Where history and precedent provide no clear answers, functional considerations also play their part in the choice between judge and jury to define terms of art....

So it turns out here, for judges, not juries, are the better suited to find the acquired meaning of patent terms. The construction of instruments is one of those things that judges often do and are likely to do better than jurors unburdened by training in exegesis.

*Id.*

Judges derive their interpretive advantage relative to juries not only from their training in *how* but also from their knowledge of *when* to interpret and construe instruments. Indeed, like juries, judges may err in claim construction. *See Johns Hopkins Univ. v. CellPro,* 931 F.Supp. 303, 313 (D.Del.1996) ("[T]he court's construction of this claim at trial appears to have been in error."). But we are likely to construe claims better when considering, rather than wanting, a developed record. *See Oakley, Inc. v. Int'l Tropic–Cal, Inc.,* 923 F.2d 167, 168, 17 USPQ2d 1401, 1403 (Fed.Cir.1991) (inadequate findings may preclude "meaningful appellate review"). To construe claims prematurely, as MMEI now suggests we proceed, would undermine the wisdom of reserving claim construction for judges. We therefore decline the invitation.

■ Even if this court were to disregard the Supreme Court's functional rationale, because claim construction is a mixed question of law and fact, *see Markman,* — U.S. at —, 116 S.Ct. at 1390 (classifying claim construction as "a mongrel practice" consisting of factual and legal components), we may be required to defer to a trial court's factual findings. Where a district court makes findings of fact as a part of claim construction, we may not set them aside absent clear error. *See* Fed.R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous....").

Accordingly, this appeal is *DISMISSED*, and each party shall bear its own costs.

LOURIE, Circuit Judge, concurring in part.

I concur in the decision to dismiss this appeal because the patent has expired and

the appeal from the decision not to grant a preliminary injunction is therefore moot. The opinion states that "[t]he only relevant fact in this appeal is that the '584 patent has expired." That essentially decides the case. Because the parties both apparently wished us to construe the claims of the patent, the opinion then goes on to decline to do so on the sound ground that we prefer to do that on a developed record. I believe the opinion should have ended there.

The opinion then goes on to state that the Supreme Court classified claim construction as a "mongrel practice" consisting of factual and legal components and accordingly that "we may be required to defer to a trial court's factual findings." The opinion further states that "[w]here a district court makes findings of fact as part of claim construction, we may not set them aside absent clear error."

The Supreme Court did not expressly characterize elements of claim construction as questions of fact, nor did it address any standard of review. *Markman v. Westview Instruments, Inc.*, —— U.S. ——, ——, 116 S.Ct. 1384, 1387, 134 L.Ed.2d 577, 38 USPQ2d 1461, 1463 (1996) ("The question here is whether the interpretation of a so-called patent claim ... is a matter of law reserved entirely for the court, or subject to a Seventh Amendment guarantee that a jury will determine the meaning of any disputed term of art about which expert testimony is offered."). It did state that, in determining whether the judge or jury should decide claim construction, "[w]e have also spoken of the line [whether an issue is or is not necessarily a jury issue] as one between issues of fact and law." *Id.* at ——, 116 S.Ct. at 1390, 38 USPQ2d at 1465. Disavowing that approach, it then went on to say that "the sounder course, when available, is to classify a mongrel practice (like construing a term of art following receipt of evidence) by using the historical method...." *Id.* Finding "no clear answers" even in that direction, the Court stated "that when an issue 'falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question.'" *Id.* at ——, 116 S.Ct. at 1395, 38 USPQ2d at 1470 (quoting *Miller v. Fenton,* 474 U.S. 104, 114, 106 S.Ct. 445, 451, 88 L.Ed.2d 405 (1985)).

The Court thus eschewed the fact/law distinction. In any event, it surely did not indicate any standard of review. Not having had the issue argued or briefed in this case, neither should we. There is no basis, even in dictum, for us to state in this case that we would have to defer to the trial court on so-called issues of fact arising in claim construction.

Moreover, our in banc court stated that "claim construction is properly viewed solely as a question of law." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983–84, 34 USPQ2d 1321, 1333 (Fed.Cir.1995) (in banc), *aff'd on other grounds,* —— U.S. ——, 116 S.Ct. 1384, 134 L.Ed.2d 577, 38 USPQ2d 1461 (1996). Addressing the argument that underlying fact questions may exist in claim construction just as in contract construction, we stated that any subsidiary fact questions that may exist in contract cases involve questions of the parties' subjective intent which do not arise in claim construction. *Id.* at 984–86, 34 USPQ2d at 1334–35. The Supreme Court did not criticize or overrule any aspect of our in banc opinion. Thus, the analyses and holdings of our in banc court might preclude a subsequent panel before which the issue properly is raised from holding that fact questions exist in claim construction that require deference to the district court.