NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent from the reversal of the district court’s grant of a preliminary injunction. The injunction preserves the status quo during this litigation, and is fully within the district court’s discretionary authority. My colleagues on this panel have not only applied an incorrect standard to the preliminary injunction factor of likelihood of success on the merits, but they have also departed from the policy guidance of precedent, including eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (the traditional criteria of equity apply to injunctions in patent cases) and Amoco Production Company v. Village of Gambell, 480 U.S. 531, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) (“The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.”).

The injunction pendente lite

The Court explained in University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) that “[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.” See Ugine & Alz Belgium v. United States, 452 F.3d 1289, 1297 (Fed.Cir.2006) (granting preliminary injunction to maintain the status quo pending disposition of the movant’s claims). The question here on appellate review is whether the district court abused its discretion in deciding to maintain the status quo during this litigation. In Doran v. Salem Inn, *1358 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) the Court emphasized that appellate courts have limited review of preliminary injunctions granted by district courts, stating that “while the standard to be applied by the district court in deciding whether a plaintiff is entitled to a preliminary injunction is stringent, the standard of appellate review of a preliminary injunction is simply whether the issuance of the injunction constituted an abuse of discretion.” Id. at 932, 95 S.Ct. 2561. See also, e.g., Brown v. Chote, 411 U.S. 452, 457, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973) (court may only consider whether issuance of the preliminary injunction constituted an abuse of discretion);
The district court decided that the status quo should be preserved during this litigation. In overturning that decision, the panel majority mistakes the law, misplaces the burdens, misconstrues the assumptions, and ignores the district court’s discretionary authority and its balance of the equitable aspects. The panel majority does not explain how the district court abused its discretion, nor is recognition given to the standard of review whereby, as this court has stated: “A decision granting a preliminary injunction will be overturned on appeal only if it is established that the district court made a clear error of judgment in weighing relevant factors, or relied on incorrect law or on clearly erroneous factual findings.” Novo Nordisk of North America, Inc. v. Genentech, Inc., 77 F.3d 1364, 1367 (Fed.Cir.1996).

The Factors of Equity

This court has well recognized, as stated in Illinois Tool Works, Inc. v. Grip-Pak, Inc., 906 F.2d 679 (Fed.Cir.1990), that “[t]his is only the first round, involving only a preliminary injunction, a matter of equity, 35 U.S.C. § 283, and requiring an evaluation and balancing of the four above-listed factors and the circumstances surrounding each. Those factors and circumstances tend to overlap, but none may be ignored en route to a determination of whether, in the district court’s words, it would be inequitable for an injunction to issue.” Id. at 681 (internal quotation marks omitted). In Illinois Tool the court recited the four traditional factors relevant to a preliminary injunction, viz. (1) reasonable likelihood of success on the merits; (2) irreparable harm; (3) balance of hardships; and (4) the impact on the public interest. Id.
The panel majority gives no consideration to the equitable factors supporting the grant of this preliminary injunction, although the Court has made clear that such factors apply. See Ashcroft v. American Civil Liberties Union, 542 U.S. 656, 666, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004) (the equitable issues are highly relevant at the pre-trial stage). In Camenisch the Court explained that when the decision on the merits is unclear at the preliminary stage, or the record too sparse for confident determination, the decision is based “not on the ultimate merits of [the plaintiffs] case but rather on the balance of the Canal Authority factors.” 451 U.S. at 398, 101 S.Ct. 1830. These factors are described by the Court as “whether the plaintiff will be irreparably harmed if the injunction does not issue; whether the defendant will be harmed if the injunction does issue; whether the public interest will be served by the injunction; and whether the plaintiff is likely to prevail on the merits.” Id. at 392, 101 S.Ct. 1830 (citing Canal Authority of Fla. v. Callaway, 489 F.2d 567 (5th Cir.1974)). These factors have been well recognized by this court. e.g., Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368 (Fed.Cir.2006); Helifix Ltd. v. *1359 Blok-Lok, 208 F.3d 1339 (Fed.Cir.2000). Although the majority opinion recites as “background” that “the district court found Erico would suffer irreparable harm if an injunction did not issue and that the balance of harms weighed heavily in Eri-co’s favor,” maj. op. at 1355, that is the opinion’s last mention of any equitable factor. The district court, however, discussed and applied them, in its decision that the patent right should be preserved until the defense of invalidity is decided.
As precedent teaches, equitable principles are at least as relevant when the trial court must consider the situation at the pre-trial stage, before the evidence has been tested. It is not correct that it suffices to “cast doubt” or “raise a question” about a patent’s validity, as the court today holds.

The Casting of Doubt

As discussed in Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 429, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006), “the burdens at the preliminary injunction stage track the burdens at trial.” For issues on which the defendant will bear the burden of proof at trial, that burden also applies at the preliminary injunction stage. Id. The district court, considering the placement and burdens of proof, found that Erico showed its likelihood of success on the issue of infringement — indeed, copying and infringement were conceded — and that the defendants had not established their likelihood of success on the issue of invalidity. The panel majority, ignoring the district court’s reasoning as well as its discretionary authority, finds that a “substantial question” of invalidity was raised by the defendants. The panel majority states that it suffices to “cast doubt,” to “show that the claims are vulnerable,” to reverse the district court’s preliminary injunction.
My colleagues have applied an incorrect criterion. The correct criterion is not whether there is a “substantial question”; it is whether the defendants have shown that they are likely to succeed on the merits, on the standards and burdens of proof as would prevail at trial. In Gonzales, 546 U.S. at 429, 126 S.Ct. 1211, the Court emphasized that the burdens of proof do not change. Initially the movant has the burden of coming forward to support the motion; the Federal Circuit has recognized this procedure, e.g. Sanofi-Synthelabo, 470 F.3d at 1374 (“[The mov-ant] must demonstrate that, in light of the presumptions and burdens that will inhere at trial on the merits [the movant] will likely prove that [Defendant’s product infringes the '265 patent and that it will withstand [Defendant’s challenges to the validity and enforceability of the '265 patent.”) However, this does not relieve the attacker from the requirement of showing the likelihood of success in invalidating the patent, on application of the presumptions and the placement and burden of proof.
As used by my colleagues, the raising of a “substantial question” does not require a preponderance of the evidence, although it requires “more than a mere scintilla.” See Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Raising a “substantial question” concerning validity is not the same as establishing the “likelihood” of establishing invalidity. Precedent is clear that the standard is the likelihood of success at trial, with recognition of the presumptions and burdens. See, e.g., Gillette Co. v. Energizer Holdings, Inc., 405 F.3d 1367, 1370 (Fed.Cir.2005); Nat’l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1325 (Fed.Cir.2004); Ranbaxy Pharms., Inc. v. Apotex, Inc., 350 F.3d 1235, 1239 (Fed.Cir.2003); Purdue Pharma L.P. v. Boehringer Ingelheim GmbH, 237 F.3d *1360 1359, 1363 (Fed.Cir.2001); Smith International, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579 (Fed.Cir.1983).[1]

The District Court’s Decision

The district court considered the evidence as provided at this pre-trial stage, and applied the correct standard. The court construed the claims, discussed the prior art including the 1990 EIA/TIA standards, considered the results of the first reexamination and acknowledged the pending second reexamination. The district court referred to the patentee’s commercial success and the defendants’ admitted copying. The significance of objective evidence in determining patent validity was emphasized in KSR, Inc. v. Teleflex, — U.S. -, 127 S.Ct. 1727, 1734, 167 L.Ed.2d 705 (2007), the Court reminding us of its ruling in Graham v. John Deere Co., 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) that such evidence aids in understanding how an invention was viewed by contemporaries in the field of the invention. The district court considered the relative simplicity of the invention, a factor that appears to have influenced my colleagues, who with perfect hindsight find that it would have been obvious to make Erico’s J-hook by combining the OBO Betterment reference, the EIA standards, and Mr. Laughlin’s testimony. My colleagues mention only the evidence against the patent-as if reviewing a jury verdict after it has been rendered. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (jury verdict must be sustained if supported by substantial evidence). However, the question is whether the defendants are likely to prove invalidity at trial, not whether they “cast enough doubt on the validity.” Maj. op. at 1357.
The district court, discussing the balance of harms, referred to Erico’s argument that if it is ultimately ruled that the defendants were improperly enjoined, they can be made whole by money damages; while if the defendants are not enjoined, Erico will experience price and market erosion from which Erico is unlikely to recover should it prevail at trial. Erico points out that the defendants were previously serving this same market with other products, and can continue to do so. This is not a case in which the patent is so conspicuously invalid that invalidity outweighs all of the equitable considerations and demands immediate relief; such a situation should produce summary judgment, not trial.
The panel majority errs in disregarding the traditional criteria of the grant and review of a preliminary injunction. Abuse of discretion has not been shown in the district court’s consideration and weighing of the relevant factors at this preliminary stage. I must, respectfully, dissent.

. The Federal Circuit has used the word "substantial” in the context of the preliminary injunction, but this usage, although loose, has not changed the obligation to show the likelihood of success, nor has it inverted the burden of proof. This is illustrated in Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368 (Fed.Cir.2006), where this court explained that "in light of the deferential standard we apply in reviewing grants or denials of preliminary injunctions, and mindful that a patent is presumed valid, and this presumption exists at every stage of the litigation, we conclude that the district court did not clearly err in finding that [the patenteej's anticipation defense lacks substantial merit.” Id. at 1374 (internal citations omitted). In Genentech v. Novo Nordisk A/S, 108 F.3d 1361 (Fed.Cir.1997), the court discussed the issue of validity in terms of whether a "substantial question” was raised, but explicitly retained the presumption of validity and the placement of the burden of proof.